UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO. 2:17-cv-00332-UA-CM

MARK ATHERLEY,

        Plaintiff,

vs.

UNITEDHEALTHCARE OF
FLORIDA, INC.

        Defendant.

_____/

## DEFENDANT UNITEDHEALTHCARE OF FLORIDA INC.'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW [DISPOSITIVE MOTION]

Defendant, UnitedHealthcare Of Florida, Inc. ("United"), by and through undersigned counsel, and pursuant to Fed.R.Civ.P. 12(b)(6), hereby files its Motion to Dismiss Count II of Plaintiff's Complaint and in support thereof states as follows: [1]

## INTRODUCTION

Mark Atherley ("Atherley") alleges that he participated in a group health plan (the "Plan") offered by his employer Southwest Florida Maritime, Inc. ("SFM"). Complaint at ¶ 7. Count II of Atherley's Complaint seeks ERISA penalties based on United's alleged failure to provide certain documents he requested relative to his claim for benefits. *Id.* at ¶ 18. Despite Atherley's caustic description of the way in which United

_____

[1] United has filed a separate Answer and Affirmative Defenses to Count I of the Complaint.

supposedly handled his document requests, Atherley's claim for statutory penalties is defective.  The claim is directed to the wrong party.  It also rests on document requests that are beyond the scope of documents that must be furnished (i) by the proper party and (ii) in response to a proper written request.

Atherley asked United to furnish a laundry list of documents pertaining to his claim determination. *Id*. at ¶ 28.  Atherley alleges that United failed to adequately respond.  *Id*. at ¶ 36. However, United, as *claims* administrator of the Plan, is not responsible under ERISA for addressing a request for documents.  ERISA provides that a plan participant is entitled to receive a copy of plan documents and information regarding the governance of the plan from the ***plan administrator***.  *See* 29 U.S.C. § 1024(b)(4)).  Here, the Plan expressly states that United is "not the plan administrator or named fiduciary of the benefit plan, as those terms are used in  ERISA." Doc No. 1-1 at p. 52, PageID 64. Since ERISA provides that only the "plan administrator" is subject to penalties for failure or refusal to provide documents responsive to a participant's request, United cannot be held liable for a violation of § 29 U.S.C. §1024(b).

United is not the "plan administrator" of the SFM Plan.  Nor does Atherley have a valid basis to suggest that United is the *de facto* Plan Administrator of the SFM Plan. The *de facto* doctrine is applied by courts in narrow circumstances, none of which are present here. Finally, the documents requested by Atherley are not even subject to penalty under § 1024(b)(4) because the items relate to his own claim determination and not the operation of the SFM ERISA Plan.  For all of these reasons, Count II for statutory penalties against United must be dismissed with prejudice.

## MEMORANDUM OF LAW

I. **United Is Not The "Plan Administrator" And Therefore It May Not Be Held Liable For Statutory Penalties Under ERISA.**

Atherley alleges that United is liable for statutory penalties as a result of its purported failure to respond to a request for numerous documents. Complaint at ¶ 36. This claim is defective as a matter of law because such claims may only be brought against the Plan's designated *plan administrator*. *See e.g., Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1270 (11th Cir. 2008) ("ReliaStar was not subject to document withholding penalties, as the statute only permits an award of penalties against the plan administrator, and, as discussed above, the Committee, not ReliaStar, is the Plan administrator."); *Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 999, 915 (11th Cir. 1997) (upholding district court's decision declining to impose penalties under § 1132(c)(1) against a non-plan administrator); and *Kennedy v. Metropolitan Life Ins*. Co., 357 F. Supp. 2d 1346, 1349 (M.D. Fla. 2005) ("Defendant is correct that only a plan administrator can be liable under § 1132(c) for statutory penalties."). Atherley does not allege that he requested any documents from the actual plan administrator- SFM.

Under ERISA, an employee benefit plan participant or beneficiary is entitled to receive a copy of 'the latest updated summary, plan description ... or other instruments under which the plan was established or is operated' *upon written request to the plan administrator*." *Rohan v. UnitedHealthcare Ins. Co.*, 881 F. Supp. 2d 1356, 1359 (N.D. Fla. 2012) (citing 29 U.S.C. § 1024(b)(4)) (emphasis added). "ERISA names *only the plan administrator* as subject to penalties for failure or refusal "to comply with a request for any information which such administrator is required ... to furnish." *Id.* at 1359 (citing

*See* 29 U.S.C. § 1132(c)(1)(A)) and *Byars v. Coca–Cola Co.,* 517 F.3d 1256, 1270–71 (11th Cir. 2008)) (emphasis added).

The "administrator" is "the person specifically so designated by the terms of the instrument under which the plan is operated," or, "if an administrator is not so designated, the plan sponsor." 29 U.S.C. § 1002(16). The phrase "plan administrator" has a specific meaning under ERISA. It should not be confused with a separate but commonly used phrase under ERISA to describe a "claims" administrator.  A claims administrator, as distinguished from the plan administrator designated in the plan documents, is not subject to penalties. *Smiley v. Hartford Life & Acc. Ins. Co.*, 610 F. App'x 8, 8 (11th Cir. 2015) ("First, the district court correctly concluded that Hartford, a third-party claims administrator, was not the plan administrator and therefore not subject to statutory penalties under § 1132(c)(1)."); *Poole v. Life Ins. Co. of N. Am.*, 984 F. Supp. 2d 1179, 1192 (M.D. Ala. 2013) ("[C]laims administrators are distinct from plan administrators, and only plan administrators are subject to the ERISA penalties . . . ."); *Kennedy v. Metro. Life Ins. Co.*, 357 F. Supp. 2d 1346, 1349 (M.D. Fla. 2005) ("Liability under § 1132(c) cannot, therefore, be imposed on a third party claims administrator such as Met Life, given the express language of the statute."); and *Kobold v. Aetna*, 258 F. Supp. 2d 1317, 1324 (M.D. Fla. 2003) ("Because the instrument does not designate Aetna as the plan administrator, and because Aetna, by virtue of being an insurer, is not a plan sponsor, Aetna is not an administrator.").

The express terms of the applicable Plan state that:

> When the Enrolling Group purchases the Contract to provide coverage under a benefit plan governed by the *Employee Retirement Income*

*Security Act* ("ERISA"), 29 U.S.C. § 1001 et seq., we are not the plan administrator or named fiduciary of the benefit plan, as those terms are used in ERISA. If you have any questions about your welfare benefit plan, you should contact the Enrolling Group. [2]

*See* Exhibit "A" to Atherley's Complaint at Doc. No. 1-1, pg. 52 (emphasis in original).

Here, United cannot be liable for penalties under § 1024(b)(4) where it clearly disclaims any notion that it serves as the plan administrator. *See, e.g., Lockhart v. Blue Cross Blue Shield of Tennessee,* 503 Fed. Appx. 926, 928-29 (11th Cir. 2013) (affirming district court's finding that employer's health insurer was not a plan administrator and was not subject to statutory penalties for failure to provide plan documents where the employer was designated as the plan administrator); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (affirming dismissal of complaint because plan documents stated that the employer, not the defendant insurance company, was the ERISA plan administrator).

United's role in determine whether benefits are payable does *not* transform it into a plan administrator. *See e.g., Ross v. Rail Car America Group Disability*, 285 F.3d 735, 743 (8th Cir. 2002) ("Canada Life admits that it had control over claims under the policy, but assuming that function did not transform it into the Plan Administrator."); *Towner v. CIGNA Life Insurance Co.*, 419 F. Supp. 2d 172, 185 (D. Conn. 2006) ("It is undisputed that the SPD … designates Pfizer as the plan administrator and CIGNA as the claim administrator. Thus, CIGNA cannot be liable … for failure to send [Plaintiff] the requested SPD"). To ignore the terms of the Plan and subject a *non*-plan administrator to

---

[2] The Plan defines Enrolling Group as "the employer, or other defined or otherwise legally established group, to whom the Contract is issued." Doc. No. 1-1 at pg. 61.

5

ERISA penalties would contravene the ERISA statute. The penalty claim against United is fundamentally flawed and must be dismissed with prejudice.

## II.    United Is Not The *De Facto* Plan Administrator

With no plausible basis to claim that United is the designated Plan Administrator, Atherley cannot turn to the safety-net of the "*de facto* administrator" doctrine. Atherley's Complaint is entirely devoid of any allegations that United acted as or somehow assumed the role of "*de facto* administrator." Moreover, even if United did not respond and/or deliver "information" or "documents" to Atherley or his counsel, the Eleventh Circuit instructs that United did not do so in any fiduciary capacity as plan administrator. *Howard v. Parisian, Inc.*, 807 F.2d 1560 (11th Cir. 1987); *Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 289 (11th Cir. 1990).

United acknowledges that a minority of circuits, including the Eleventh Circuit, have shown a willingness to recognize *de facto* plan administrators under limited circumstances. *Rosen v. TRW, Inc.*, 979 F.2d 191 (11th Cir. 1992) (citing *Law v. Ernst & Young,* 956 F.2d 364, 373-74 (1st Cir. 1992)). However, neither *Rosen* nor *Law* address the issue here – whether the court may impose penalties under § 1132(c)(1) against a party who is not designated as the plan administrator where a viable plan exists. The Eleventh Circuit has "consistently rejected" the extension of the "*de facto* plan administrator" doctrine to claims administrators such as United. *Smiley v. Hartford Life & Acc. Ins. Co.*, 610 F. App'x 8, 9 (11th Cir. 2015).

Though the Eleventh Circuit adopted the *de facto* doctrine in *Rosen*, § 1132(c)(1) was not at issue as it is here. In *Rosen*, the plan documents designated an "administrative

6

committee" as the plan administrator. The plaintiff alleged, however, that the administrative committee was an "unincorporated, unfunded, unidentified, inactive entity," and the "alter ego" of the employer. *Id*. at 193. The court expressed concern that, where the designated plan administrator is inactive, a plaintiff might have no remedy unless the plaintiff can sue the alter ego employer that controlled the administration of the plan. *Id*. at 193–95. It therefore recognized the "*de facto* plan administrator" doctrine in those circumstances. *Id*. at 195.

The *Rosen* Court endorsed the reasoning of the First Circuit that a company that had assumed control of administering the plan could be a *de facto* plan administrator. *Id*. at 193. Notably, the Eleventh Circuit limited its holding to "whether an ***employer*** who takes an active part in the administration of a plan can be held liable for ERISA claims." *Id*. (emphasis added). There is no place for a *de facto* analysis in this case. The factors that compelled the Eleventh Circuit to consider looking elsewhere for a Plan Administrator are totally absent in this case where the employer and designated Plan Administrator is entirely present. Atherley does not allege that SFM is inactive or functions as an alter ego of United.

In *Law*, the plaintiff sued his former employer for penalties under § 1132(c), even though the plan specifically named a committee of the employer as the plan administrator. 956 F.2d at 365. The *Law* court concluded there was sufficient evidence that the plaintiff's former employer was acting as the *de facto* plan administrator because the employer "had assumed and controlled the plan administrator's function of furnishing

7

required information in response to a plan beneficiary's request." *Id.* at 372.  In reaching this conclusion, the *Law* court stated:

> [W]here an entity of which the administrator is part in effect holds itself out as the plan administrator by officially disseminating such information, we think it is subject to § 1132(c) liability should it fail to discharge that role in a proper way. Hence, where as here plan documents place the responsibility for providing information upon an internal committee of a firm, but the firm in practice carries out that function, we see no reason not to hold the firm liable under § 1132(c) when it fails to provide the information in the timely manner required by law.

The facts in this case stand in stark contrast to those present in *Rosen* and *Law*.  United was not Atherley's employer, and neither the First Circuit nor the Eleventh Circuit extended the *de facto* administrator doctrine to an ERISA third party claims administrator such United.  Under the circumstances, neither *Law v. Ernst & Young,* 956 F.2d 364, 373 (1st Cir. 1992), nor *Rosen v. TRW, Inc.,* 979 F.2d 191, 192 (11th Cir. 1992) provide a basis for the relief Atherley seeks.

The Eleventh Circuit has distinguished *Rosen* and other cases applying the *de facto* administrator doctrine, noting that the court has only applied the *de facto* administrator doctrine in very limited situations and only to employers.  In *Oliver v. Coca Cola Co.,* 497 F.3d 1181, 1194 (11th Cir. 2007) *reh'g granted, opinion vacated in part on other grounds,* 506 F.3d 1316 (11th Cir. 2007) *and adhered to in part on reh 'g sub nom.,* 546 F.3d 1353 (11th Cir. 2008), the Court also expressly rejected application of the *de facto* administrator doctrine in such circumstances as against a third party claims administrator like United. *Id. See also, Maxwell v. Blue Cross Blue Shield Healthcare Plan of Ga.,* 2009 WL 734115, at *4–5 (N.D. Ga. Mar. 18, 2009) (finding that the defendants were not de facto plan administrators even though defendants made claims

determinations, and the plaintiff and his doctors communicated exclusively with defendants during the claims process).

In *Rohan v. UnitedHealthcare Ins. Co.*, 881 F. Supp. 2d 1356 (N.D. Fla. 2012), the court dismissed a plaintiff's claim for administrative penalties with prejudice and aptly summarized the state of the *de facto* doctrine in the Eleventh Circuit.  It found that the *de facto* doctrine "has only been applied in circumstances in which an *employer* was sued for acting as a plan administrator with decision-making authority despite plan documents naming a different entity as the plan administrator."  *Id.* at 1359.  Similarly, in *Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 999, 915 (11th Cir. 1997), the plaintiff sued the plan administrator ("Eastern"), and the trust administrative committee (the "TAC"), for retirement benefits under his variable benefit pension plan.  The plaintiff sought payment while the designated plan administrator, also the employer, was "undergoing a highly publicized bankruptcy proceeding that ultimately resulted in the company's demise."  119 F.3d at 891.  *In the absence of a viable employer*, and despite the plan's express designation of Eastern as the "plan administrator," the plaintiff tried to hold TAC liable as a *de facto* administrator for failure to produce plan documents. The Eleventh Circuit rejected the plaintiff's arguments, finding that a *de facto* administrator did not exist where the designated plan administrator retained authority and the responsibility to provide plan documents to participants.  *Id.* at 915.

The *de facto* analysis cannot be utilized to create a vehicle for penalties against a *claims* administrator.  The reasoning of *Rosen* is inapplicable under the facts herein.  The Eleventh Circuit's concern in *Rosen* – where to turn if the named plan administrator is

9

"an unincorporated, unfunded, unidentified, inactive entity" – is nowhere present in this case.  *Rosen*, 979 F.2d at 193. The *Rosen* court struggled with the fact that ERISA's statutory framework was silent on how "to resolve the question of liability **in the event of an inactive administrator.**" *Id*. (emphasis supplied).   That question does not arise under the facts of this dispute.  By definition, all *claims* administrators are intimately involved in the day-to-day administration of ERISA plans. To treat United as a *de facto* plan administrator merely because it performed the administrative functions that claims administrators perform would extend liability for penalties to virtually all claims administrators. This result would conflict with the plain language of ERISA, which imposes liability on the designated Plan Administrator, *see* 29 U.S.C. §§ 1002(16), 1132(c)(1), and would hamper the ability of employers to contract with claims administrators to provide necessary administrative services, *see Oliver*, 497 F.3d at 1195.

## III.    The Documents Requested By Atherley Are Not Subject To Statutory Penalties

In his Complaint, Atherley alleges that he asked United to provide various documents related to Atherley's transplant procedure. Complaint at ¶ 28. Within this request for documents, Atherley set forth 15 enumerated requests which include, but are not limited to, his medical records, contact information for medical professionals, transcripts or audio recordings of recorded statements, correspondence between United and Atherley and correspondence between United and any other party regarding Atherley's claims.  *Id.*   Atherley asserts that United allegedly failed to provide the requested documents and it should be liable for penalties of $110 per day. *Id.* at ¶ 36.

10

Pursuant to § 1024(b)(4), a ***plan administrator*** is required to, upon written request, provide "any documents relating to the employee benefit plan, including but not limited to, the latest summary plan description (including any summaries of plan changes not contained in the summary plan description), and the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated." See also, *Hamilton v. Allen–Bradley Co.*, 244 F.3d 819, 827 (11th Cir. 2001) ("ERISA specifies that the plan administrator must furnish, on written request, any information *regarding the operation of the plan*.") (emphasis added).

As noted in Section I above, United is not the plan administrator and cannot be liable for statutory penalties. However, even assuming United was responsible for providing certain documents, the bulk of the documents requested do not relate to the administration of the Plan, but rather, to the adjudication of Atherley's own claim for benefits. These requests are more appropriately classified as documents that fall under 29 C.F.R. § 2560.503-1(h)(2) which requires that a "claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." Under 29 C.F.R. §2560.503-1(m)(8), documents relevant to the claims determination include, for example, documents "relied upon in making the benefit determination" and documents (ii) "submitted, considered, or generated in the course of making the benefit determination…." This regulation does not impose a per-diem fine for failing to comply. *See* 29 C.F.R. § 2560.503-1.

11

Section 1132(c) does not authorize penalties in connection with any and all types of information requested by a plan participant. Instead, it refers specifically to a plan administrator's "failure or refusal to provide the documents identified in Section 1024 [of ERISA], namely 'the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.'" *Montgomery v. Metropolitan Life Ins. Co.,* 403 F. Supp. 2d 1261, 1265 (N.D. Ga. 2005) (quoting 29 U. S .C. § 1024(b)(4)). Penalties cannot be imposed against anyone "for failure to provide documents other than those identified" in § 1024. *Id.* at 1266.

*In Giertz-Richardson v. Hartford Life & Acc. Ins. Co.,* 2007 WL 1099094 (M.D. Fla. Apr. 10, 2007), the insurance company defendant argued that plaintiff's cause of action for penalties under § 1132(c) should be dismissed because the documents requested did not fall under that statutory provision and because Defendant was not the "plan administrator" of the plan. *Id.* at *2. Plaintiff alleged that Hartford failed to furnish "documentation regarding HARTFORD LIFE'S consultant physicians and vocational case manager relied upon by its employees in evaluating or assessing the GIERTZ-RICHARDSON claim and relevant internal guidelines and claim manuals relied upon in evaluating plaintiff's claim." *Id.* The plaintiff urged the Court to expand the scope of § 1132(c) to expose the defendant to a statutory penalty for its failure to produce all documents that the Department of Labor requires be supplied to claimants. *Id.*

The court found that none of the requested documents were contained within § 1024 and the defendant could not be subject to penalties under § 1132(c) for allegedly

12

failing to supply them. Accordingly, the claim for statutory penalties was dismissed. *Id.* [3] *See also*, *Jenkins v. Grant Thornton LLP*, No. 13-60957-CIV, 2014 WL 2957239, at \*10 (S.D. Fla. July 1, 2014), *aff'd,* 667 F. App'x 754 (11th Cir. 2016). ("With regard to her more specific requests, Jenkins fails to allege she did not receive the precise documents in question or that the specific document was covered pursuant to 29 U.S.C. section 1024(b)(4)….Therefore, Jenkins fails to state a cause of action for ERISA document penalties, and Count XXI is dismissed."); *Byars v. The Coca–Cola Co.,* 517 F.3d 1256, 1270 (11th Cir. 2008)(stating that the failure to provide documents relevant to the denial of the plaintiff's claim, as required by 29 C.F.R. § 2560.503–1, cannot support a claim for a violation of § 1132(c)(1)); *Brucks v. Coca–Cola Co.,* 391 F.Supp.2d 1193, 1211–12 (N.D. Ga. 2005)("The source of the Coca–Cola Defendants' obligation to provide Plaintiff copies of documents "relevant" or "pertinent" to her claim is outside the statute. To the extent claims-related documents are required to be provided, the obligation arises by federal regulation."); *Disanto v. Wells Fargo & Co.,* 2007 WL 2460732, at \*15–16 (M.D. Fla. Aug. 24, 2007)("This Court agrees that the penalties sought by Plaintiff for any failure by Wells Fargo to provide Plaintiff's entire claim file pursuant to agency regulation 29 C.F.R. § 2560.503-1(h)(2)(iii) are not authorized by § 1132(c)."); and *Castro,* 2011 WL 4889174, at \*5–6 (finding that "the plain text of section 1024 refers only to the formal legal documents governing a plan, and does not refer to claims-related

---

[3] The Court noted that since "Plaintiff's third cause of action must be dismissed on this ground, it need not address Defendant's argument that § 1132(c) does not apply to Defendant because Defendant is not the "plan administrator." *Id.*

13

documents.").  Atherley's pursuit of claim-related adjudication records does not subject a plan administrator - let alone a claims administrator - to statutory penalties.

## CONCLUSION

Atherley's claim for ERISA penalties is legally improper because United is not the Plan Administrator and therefore it was under no obligation to furnish the requested documents. Additionally, *even if* United was the plan administrator of the SFM Plan (which it is not), the particular information that Atherley requested does not trigger exposure to statutory penalties under ERISA.  For these reasons, Count II of Atherley's Complaint must be dismissed with prejudice.

s/ Daniel Alter
DANIEL ALTER
Florida Bar No. 0033510
dan.alter@gray-robinson.com
EVAN D. APPELL
Florida Bar No. 58146
eappell@gray-robinson.com
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida  33301
Telephone:  (954) 761-8111

*Counsel for Defendant*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day via transmission of Notices of Electronic filing generated by CM/ECF on Jeffrey L. Greyber, Esq., Merlin Law Group, P.A., 222 Lakeview Ave., Suite 1250, West Palm Beach, Florida 33401, telephone: 561-855-2120, Facsimile: 561-249-1283, email: jgreyber@merlinlawgroup.com and hcasebolt@merlinlawgroup.com, *counsel for Plaintiff.*

s/ Daniel Alter
DANIEL ALTER
Florida Bar No. 0033510
dan.alter@gray-robinson.com
EVAN D. APPELL
Florida Bar No. 58146
eappell@gray-robinson.com
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111

*Counsel for Defendant*

15