UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK ATHERLEY,

    Plaintiff,

v.                                                 Case No: 2:17-cv-332-FtM-99CM

UNITED HEALTHCARE OF
FLORIDA, INC.,

    Defendant.
_____

## ORDER

This matter comes before the Court upon review of Defendant United Healthcare of Florida Inc.'s ("United") Motion to Dismiss Count II of Plaintiff's Complaint and Incorporated Memorandum of Law ("Motion to Dismiss"). Doc. 11. Plaintiff filed a response in opposition. Doc. 14. The Court, having reviewed Defendant's motion and the relevant pleadings, finds that Defendant's motion is due to be denied.

I.    Background

This is an action for recovery of benefits (Count I) and administrative penalties (Count II) under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1000-1461, alleging United improperly denied Plaintiff's claim for health insurance benefits. According to the Complaint and exhibits thereto,[1] Plaintiff,

---

[1] Documents attached to a complaint are treated as part of the complaint for Rule 12(b)(6) purposes. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F. 3d 1211, 1215-16 (11th Cir. 2012) (citation omitted).

Mark Atherley, was an employee of Southwest Florida Maritime, Inc. ("SWFM") during the relevant time period. Doc. 1 ¶ 7. Plaintiff was covered by a health insurance plan offered by SWFM and administered by United. *Id.* While insured under his employer's plan, Plaintiff required a liver transplant. *Id.* at ¶ 8. United authorized the procedure and referred Plaintiff to Tampa General Hospital for treatment. In March 2015, however, the hospital told Plaintiff that he would not be a part of their transplant program, but he could try again in six months. *Id.* Plaintiff was expected to live only four months without the necessary liver transplant. *Id.*

Through United's patient advocate, Plaintiff requested that United find an alternative in-network provider. *Id.* at ¶ 9. The advocate suggested a hospital in Orlando, but the Orlando hospital failed to communicate with Plaintiff for about one month. *Id.* After Plaintiff's failed attempts to reach either the provider in Orlando or his United advocate, Plaintiff set out on his own to find a transplant provider. *Id.* Plaintiff located the Cleveland Clinic in Weston, Florida. *Id.*

Although Plaintiff alleges the Cleveland Clinic is now a part of United's network, at the time of Plaintiff's procedure apparently it was not. *Id.* at 4, n.3.; *see also id.* ¶ 10. Cleveland Clinic billed United for the procedure, and while United made some partial payments, it refused to cover approximately $290,000 of the cost of Plaintiff's transplant, so Plaintiff paid for the transplant himself. *Id.* ¶ 11; *see also id.* at 5 n.5. United then refused to indemnify Plaintiff for his out-of-pocket costs. *Id.* ¶ 11. Plaintiff tried to obtain documentation and information regarding

Plaintiff's plan and the disputed procedure, but United either refused to provide the documentation, or belatedly provided only partial documentation. *Id.* ¶ 18. After attempts at pre-suit resolution also failed, Plaintiff initiated this action. *Id.* ¶ 19.

## II.  Discussion

Under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation requires "more than labels and conclusions, and formulaic recitation" of facts to survive a 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[The] factual allegations must be "plausible" and "enough to raise a right to relief above the speculative level." *Id.* When evaluating a motion to dismiss, the Court accepts as true all factual allegations set forth in the complaint and the attached exhibits. *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007). "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "[T]he Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. Of. Educ. V. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citing *Executive 100, Inc. v. Martin Cnty.*, 992 F.2d 1536, 1539 (11th Cir. 1991)).

Defendant argues that Count II fails to state a claim on which relief can be granted because: (1) United is a claims administrator of the plan rather than a plan

administrator under ERISA; and, (2) the documents requested by Plaintiff are not subject to statutory penalties.

### 1. Whether United Healthcare is a claims administrator of the plan rather than a plan administrator under ERISA.

Count II of Plaintiff's Complaint is a claim for administrative penalties under 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1. Collectively, these statutes give a plan administrator thirty days to respond to a request for information from a plan beneficiary or participant, and provide for a penalty of $110.00 per day for each day beyond the thirty days in which the plan administrator does not respond to the request. *See* 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1. Only requests for certain specified documents are included under 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1, and only plan administrators are subject to the administrative penalties found in these statutes. *See id.* Defendant argues that it is not a plan administrator as defined by these statutes and, as such, Plaintiff has failed to state a claim on which relief can be granted.

Defendant correctly asserts that in order to be subject to administrative penalties under ERISA, Defendant must be an "administrator." Doc. 11 at 2; 29 U.S.C. § 1132(c)(1). An "administrator" under ERISA is "the person specifically so designated by the terms of the instrument under which the plan is operated," or in the absence of such a designated person, the plan sponsor. 29 U.S.C. § 1002 (16)(A)(i-ii). The Eleventh Circuit has distinguished an "administrator" under ERISA, commonly referred to as a plan administrator, from a "claims administrator," a third-party service provider engaged to provide administrative services on behalf of

the plan sponsor. *Smiley v. Hartford Life and Acc. Ins. Co.*, 610 F. App'x 8 (11th Cir. 2015).

In *Hamilton v. Allen-Bradley Co., Inc.*, the Eleventh Circuit recognized that although ERISA contemplates the plan document may name a plan administrator, the plan document is not necessarily dispositive; and it may be necessary to consider "the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." 244 F.3d 819, 824 (11th Cir. 2001). This is commonly referred to as the *de facto* plan administrator doctrine. The *de facto* plan administrator doctrine has been employed in cases where an employer establishes an ERISA plan and then engages a third-party service provider to administer claims, while retaining at least partial control over the claims administration process. *See, e.g.*, *Hamilton*, 244 F.3d at 824 (finding that an employer retained sufficient control to be considered a plan administrator where it required employees to obtain applications for disability from its human resources department); *see also Rosen v. TRW, Inc.*, 979 F.2d 191, 193-94 (11th Cir. 1992) (holding that an employer can be liable for ERISA violations if it is administering the plan, even where not designated as the plan administrator in the plan document). Where, however, a plaintiff has attempted to use the doctrine to shift responsibility under ERISA to a third-party service provider who was not specifically designated as the plan administrator, the Eleventh Circuit generally has rejected the argument. *See, e.g, Oliver v. Coca Cola Co.*, 497 F.3d 1181, 1193-94

(11th Cir. 2007) *reh'g granted, opinion vacated in part on other grounds*, 506 F.3d 1316 (11th Cir. 2007) *and adhered to in part on reh'g*, 546 F.3d 1353 (11th Cir. 2008).

The common thread in cases concerning the *de facto* plan administrator doctrine is that the Court must engage in a factual analysis before reaching a conclusion as to who may properly be considered the plan administrator. Indeed, the core holding of *Hamilton* is that in certain circumstances it may be necessary for a court to consider the specific facts of the case rather than granting deference to the designations in the plan document. *See* 244 F.3d at 824. At the motion to dismiss stage, however, the Court is required to accept Plaintiff's factual allegations as true and is not permitted to engage in the individualized factual analysis contemplated by *Hamilton*. *See Griffin*, 496 F.3d at 1199.

At least one other court in this district has acknowledged this dilemma. In *White v. Aetna Life Ins. Co.*, the Honorable James S. Moody, Jr., Senior United States District Judge, held that the defendant's motion to dismiss was premature because determination of the plan administrator ultimately requires a factual analysis not permitted at the motion to dismiss stage. Case no. 8:08-cv-1194-T-30TBM, 2009 WL 909272 at *2-3 (M.D. Fla. 2009). In reaching this conclusion, Judge Moody distinguished the case before him from *Baker v. Big Star Division of the Grand Union Company*, 893 F.2d 288 (11th Cir. 1990). Judge Moody noted that, whereas in *Baker* the defendants had moved for summary judgment on the grounds that the defendant was not the plan administrator, in the case before him the defendants were proceeding on the same theory at the motion to dismiss stage. *White*, 2009 WL

909272 at *3. Judge Moody found that because the court is required to accept the plaintiff's factual allegations as true at the motion to dismiss stage and Plaintiff had alleged that the defendant in *White* was the plan administrator, dismissal was not appropriate. *Id.*

Similarly here, the defendant has proceeded at the motion to dismiss stage and asks the court to engage in factual analysis where it is prohibited from doing so. Plaintiff alleges that the plan is administered by United. Doc. 1 ¶ 1. The Court must accept Plaintiff's allegation as true at this stage of the proceedings. *Griffin*, 496 F.3d at 1199. Accepting Plaintiff's allegation as true, Count II of Plaintiff's complaint is sufficient to state a claim on which relief can be granted. *See* 29 U.S.C. § 1132.

### 2. Whether the documents requested by Plaintiff are subject to statutory penalties.

Defendant further argues the documents requested by Plaintiff are not documents that are subject to statutory penalties under ERISA, but rather are documents under 29 C.F.R. § 2560.503-1(h)(2), which does not impose a per diem fine. Doc. 11 at 11. Under 29 U.S.C. § 1132(c)(1), any administrator:

> who fails or refuses to comply with a request for *any* information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary.

*Id.* (emphasis added). In the same subchapter, § 1024(b)(4) requires the administrator to furnish, upon a plan participant's written request, "a copy of the

latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." *Id.*

Although some items requested by Plaintiff may indeed exceed the scope of 29 U.S.C. § 1024(b)(4), at a minimum Plaintiff requested "a complete, certified copy of the subject insurance policy/plan in effect at the time of the subject Cleveland Clinic medical services" and "[a] copy of the 'in-network' provider list pertaining to type of transplant at issue that was/is in effect following the time of the transplant and related services through the present." Doc. 1 ¶ 28. These documents clearly fall within the broad scope of "other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). As such, when accepting Plaintiff's allegations as true, Count II of Plaintiff's complaint is sufficient to state a claim on which relief can be granted. *See* 29 U.S.C. §§ 1024(b)(4), 1132.

### III. Conclusion

For the reasons discussed above, the Court finds that Count II of Plaintiff's complaint is sufficient to survive a motion to dismiss.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant United Healthcare of Florida Inc.'s Motion to Dismiss Count II of Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record