UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK ATHERLEY,

    Plaintiff,

v.                                                       Case No: 2:17-cv-332-FtM-99CM

UNITEDHEALTHCARE OF
FLORIDA, INC.,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Unopposed Motion to Mediate Telephonically (Doc. 31) filed on February 27, 2018. Plaintiff lived in Cape Coral, Florida at all material times, and Defendant is a Florida corporation with its principal place of business in the State of Florida. Doc. 1 ¶¶ 2-3. Plaintiff's counsel is located in West Palm Beach, Florida, and Defendant's counsel are located in Fort Lauderdale, Florida. The parties have scheduled to mediate before Jay L. Townsend, Sr. in Tampa, Florida on April 9, 2018. Doc. 30. Plaintiff seeks the Court to permit the parties and their representatives to mediate telephonically because the parties seek to minimize fees and costs leading up to and during mediation scheduled on April 9, 2018. Doc. 31 at 1-2. Defendant does not oppose the requested relief. *Id.* at 2.

Local Rule 9.05 provides that all parties, corporate representatives, and any other required claims professionals must be present at the mediation conference unless otherwise excused by the presiding judge. M.D. Fla. R. 9.05. This Court

previously has explained, "[t]he rationale behind the requirement that a party attend the mediation in person is so that the party may actively participate in the discussions and negotiations." *Hernandez v. Wilsonart Int'l, Inc.*, No. 2:09-CV-747-FTM, 2011 WL 899469, at *1 (M.D. Fla. Mar. 15, 2011). Moreover, "Court-ordered mediation with each party physically present facilitates compromise and resolution, which saves the parties', the [C]ourt's, and the public's resources-in other words, saves them a burden." *Chancey v. Hartford Life & Acc. Ins. Co.*, 844 F. Supp. 2d 1239, 1241 (M.D. Fla. 2011). For the Court to dispense with this important in-person requirement, a party must provide a compelling basis to do so. *Collazo v. United States*, No. 8:14-cv-2326-T-33MAP, 2015 WL 1138484, at *2 (M.D. Fla. Mar. 13, 2015).

Generally, difficulty in arranging personal appearance at mediation due to limited financial means or other hardship does not amount to a compelling reason to dispense with the in-person requirement. *See e.g.*, *Collazo,* 2015 WL 1138484 (denying the plaintiff's request to appear remotely at mediation because he was unemployed and needed to focus on searching for employment); *Pecoraro v. State Farm Fire & Cas. Co.*, No. CIVA107CV777LTSRHW, 2008 WL 3842912, at *1 (S.D. Miss. Aug. 13, 2008) ("This Court has denied other requests based on hardship, including one in which the Plaintiff lived in Bartlesville, Oklahoma, had limited financial means to travel to Mississippi for the mediation, was disabled to the point of being legally blind, did not have a driver's license, and her means of travel were limited."). Here, all of the parties and their counsel are located in Florida and are

at their liberty to mediate before a mediator of their choice, who practices at a location convenient for the parties. The parties also do not state whether their mediator allows telephonic mediation. Docs, 30, 31. Thus, the Court finds the circumstances presented here do not constitute compelling grounds to allow telephonic mediation, and the spirit of the mediation requirement is best accomplished when all parties are physically present. *See Collazo*, 2015 WL 1138484, at *2.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Unopposed Motion to Mediate Telephonically (Doc. 31) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of February, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record